IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

ELDERBERRY OF WEBER CITY, LLC, a Virginia limited liability company,

    Plaintiff-Appellee,

v.

LIVING CENTERS - SOUTHEAST, INCORPORATED, a North Carolina corporation; FMSC WEBER CITY OPERATING COMPANY, LLC, a Delaware limited liability company; CONTINIUMCARE OF WEBER CITY, LLC, a Florida limited liability company; and MARINER HEALTH CARE, INCORPORATED, a Delaware corporation,

    Defendants-Appellants.

No. 13-2176

---

**APPELLANTS' CONSENT
MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Local Rule 31(c), Defendants-Appellants Living Centers - Southeast, Inc. (Living Centers); FMSC Weber City Operating Company, LLC (FMSC); ContiniumCare of Weber City, LLC (Continu-

um); and Mariner Health Care, Inc. (Mariner) (collectively, Appellants) respectfully request a 30-day extension of time in which to file their opening brief and the joint appendix. Good cause exists to grant the requested extension, in support of which Appellants state as follows:

1. This is a breach-of-contract action related to a nursing facility lease. The landlord, Plaintiff-Appellee Elderberry of Weber City, LLC (Elderberry), alleged that Living Centers, FMSC, and Continuum breached the lease after a series of assignments. Citing a guarantee document executed by Mariner, Elderberry also alleged that Mariner was jointly responsible for any damages arising from a breach of lease by an assignee.

2. Mariner sought summary judgment on the basis that the guarantee was unenforceable because it did not satisfy Georgia's statute of frauds. The United States District Court for the Western District of Virginia held that the guarantee was enforceable, such that Mariner would be jointly responsible for any damages if Elderberry proved at trial that Living Centers assigned the lease to FMSC. *See Elderberry of Weber City, LLC v. Living Ctrs. - S.E., Inc.*, --- F. Supp. 2d ---, No. 6:12-cv-00052, 2013 WL 3830501 (W.D. Va. July 24, 2013).

- 2 -

3. After a bench trial, the district court issued written findings of fact and conclusions of law holding that (1) Living Centers assigned the lease to FMSC and (2) Elderberry was entitled to almost $3 million in damages. *See Elderberry of Weber City, LLC v. Living Ctrs. - S.E., Inc.*, --- F. Supp. 2d ---, No. 6:12-cv-00052, 2013 WL 4779013 (W.D. Va. Sept. 6, 2013). This appeal followed.

4. Elderberry has filed a motion for attorney's fees that remains pending before the district court. The magistrate judge has yet to issue a recommendation on that motion. It is anticipated that Appellants will ultimately appeal the district court's determination of that motion.

5. On November 27, 2013, this Court issued a briefing order directing Appellants to file their opening brief and the joint appendix no later than January 6, 2014.

6. Appellants respectfully request a 30-day extension of time in which to file their opening brief and the joint appendix. The upcoming holiday season and the press of other litigation will make it extremely difficult for undersigned counsel to complete the research and drafting necessary to prepare these important filings. For example, undersigned

- 3 -

counsel will be out of the country from December 26, 2013, until January 3, 2014. Shortly before departing, undersigned counsel must file an opening merits brief in an appeal arising from a long jury trial in a complex wrongful-death case (*Smith-Albert v. SSC Pueblo Belmont Operating Co.*, No. 2013CA1430 (Colo. App.)).

7. Furthermore, as noted above, there is a significant likelihood that Appellants will eventually appeal the district court's decision on Elderberry's pending motion for attorney's fees. If that occurs, Appellants will seek to consolidate that appeal with this one and brief them together for efficiency's sake. Therefore, granting the requested extension will increase the likelihood that Appellants can submit a consolidated brief addressing all of the issues presented by this controversy.

8. Pursuant to Local Rule 27(a), undersigned counsel notified counsel for Elderberry of Appellant's intention to file this motion. Counsel for Elderberry stated that Elderberry consents to the requested relief.

WHEREFORE, Appellants respectfully request that the Court extend the opening-brief and joint-appendix deadline by 30 days (i.e., until February 5, 2014).

Dated: December 4, 2013                    Respectfully submitted,


                                           By:        s/James F. Segroves
                                                 James F. Segroves
                                                 PROSKAUER ROSE LLP
                                                 1001 Pennsylvania Avenue, NW
                                                 Suite 400 South
                                                 Washington, DC 20004-2533
                                                 (202) 416-6800
                                                 (202) 416-6899 (fax)
                                                 jsegroves@proskauer.com

                                                 Lori D. Thompson
                                                 LECLAIRRYAN, PC
                                                 1800 Wells Fargo Tower
                                                 Drawer 1200
                                                 Roanoke, VA 24006
                                                 (540) 510-3011
                                                 (540) 510-3050 (fax)
                                                 lori.thompson@leclairryan.com

                                                 *Counsel for Defendants-Appellants Living Centers - Southeast, Inc.; FMSC Weber City Operating Company, LLC; ContiniumCare of Weber City, LLC; and Mariner Health Care, Inc.*

- 5 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on this fourth day of December, 2013, he caused Appellants' Consent Motion for Enlargement of Time to be filed using the Court's Electronic Case File system, which will automatically generate and send by e-mail a Notice of Docket Activity to counsel for all parties.

                                                                      s/James F. Segroves
                                                                      James F. Segroves